UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TAMKO BUILDING PRODUCTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:10CV891 CDP |
| FACTORY MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Plaintiff TAMKO Building Products, Inc. brought this action seeking a declaratory judgment that its insurance policy with Factory Mutual Insurance Company covered TAMKO's business interruption losses caused by a problem with a supplier. The insurance policy contains an appraisal clause, and, after this suit was filed, the parties submitted to an appraisal. That appraisal assessed the loss at approximately $3.5 million, which is far less than TAMKO seeks. After the appraisal, TAMKO amended its complaint to add a fraud and suppression count, asserting that the appraiser Factory Mutual selected was biased and that Factory Mutual concealed the bias.

Factory Mutual then moved to dismiss the newly added claim and to strike the claims for relief that sought a jury determination. TAMKO has filed a motion

to compel Factory Mutual to respond to discovery related to the bias of the appraiser, and Factory Mutual has filed motions for a protective order and to enforce the appraisal award.

I will deny the motion to dismiss and to strike, as TAMKO has appropriately pleaded the claims and the request for relief. I will grant TAMKO's motion to compel, as it is entitled to discovery on the issue of appraiser bias. I will deny Factory Mutual's motion for a protective order, as I believe it must produce the discovery sought. And I will deny the motion to enforce the appraiser's award without prejudice, as the motion cannot be decided before the parties have had a full and fair opportunity to obtain discovery about appraiser bias.

**Background**

TAMKO produces roofing shingles that require a certain type of asphalt flux. In late 2008, TAMKO's asphalt flux supplier was unable to supply it with the necessary amount of this product and no adequate alternative supplies were available. Consequently, TAMKO was forced to shut down its factory in Frederick, Maryland for approximately one month. TAMKO alleges that the shut-down resulted in approximately $12 million in losses.

TAMKO submitted a claim for this loss to Factory Mutual in September of 2008. Factory Mutual and TAMKO exchanged information regarding TAMKO's

claim for approximately nine months before Factory Mutual determined that it would not cover the claim. Even after Factory Mutual denied coverage, the parties continued to exchange demands and information until May of 2010, when TAMKO filed this suit. In response, Factory Mutual invoked the appraisal provision of the parties' contract. The appraisal provision provided that:

> If the insured and [Factory Mutual] fail to agree on the amount of loss, each will, on the written demand of either, select a competent and disinterested appraiser after:
>
> 1) the Insured has fully complied with all provisions of this Policy, including REQUIREMENTS IN CASE OF LOSS; and
>
> 2) [Factory Mutual] has received a signed and sworn proof of loss from the Insured.
>
> Each will notify the other of the appraiser selected within 20 days of such demand.
>
> The appraisers will first select a competent and disinterested umpire. If the appraisers fail to agree upon an umpire within 30 days then, on the request of the Insured or [Factory Mutual], the umpire will be selected by a judge of a court of record in the jurisdiction in which the appraisal is pending. The appraisers will then appraise the amount of loss, stating separately the Actual Cash Value and replacement cost value as of the date of loss and the amount of loss, for each item of physical loss or damage or if, for TIME ELEMENT loss, the amount of loss for each TIME ELEMENT coverage of this Policy.
>
> If the appraisers fail to agree, they will submit their differences to the umpire. An award agreed to in writing by any two will determine the amount of loss.

> The Insured and [Factory Mutual] will each:
>
> 1) pay its chosen appraiser; and
>
> 2) bear equally the other expenses of the appraisal and umpire.
>
> A demand for APPRAISAL shall not relieve the Insured of its continuing obligation to comply with the terms and conditions of this Policy, including as provided under REQUIREMENTS IN CASE OF LOSS.
>
> [Factory Mutual] will not be held to have waived any of its rights by any act relating to appraisal.
>
> Factory Mutual selected Peter Hagen as its appraiser on May 14, 2010.

During the appraisal process, TAMKO became suspicious of Factory Mutual's appraiser. Hagen had performed several appraisals for Factory Mutual and Hagen appeared to favor and advocate for Factory Mutual. TAMKO requested information from Factory Mutual about the extent of Hagen's ties to Factory Mutual, but Factory Mutual refused to provide the requested information and asserted that Hagen was disinterested. The appraisal process resulted in an award of $3,569,261 – roughly one-fourth the amount TAMKO claimed. Shortly thereafter TAMKO filed its amended complaint adding the fraud and suppression allegations. Factory Mutual has refused to answer TAMKO's discovery requests relating to the bias issue, seeks dismissal of the fraud and suppression claim, and seeks enforcement of the appraisal.

**Motion to Dismiss**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[P]leadings under the Federal Rules of Civil Procedure are designed to give the opposing party fair notice of the claim asserted." *Shelter Mut. Ins. Co. v. Public Water Supply Dist. No. 7 of Jefferson County, Mo.*, 747 F.2d 1195, 1197 (8th Cir. 1984). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* For claims of fraud, however, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story." *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011) (quotations omitted).

TAMKO has sufficiently pled the factual circumstances constituting Factory Mutual's fraud. TAMKO has specified that the parties involved were TAMKO

and Factory Mutual and that Factory Mutual's misrepresentations were about the qualifications of its appraiser Peter Hagen. TAMKO has identified that the relevant time period was from May of 2010 until January of 2011, when Factory Mutual had a duty to appoint a disinterested appraiser, but did not do so. Instead, according to TAMKO, Factory Mutual appointed a biased appraiser, then lied about the appraiser's qualifications. TAMKO alleges that after concealing Hagen's bias, Factory Mutual worked with Hagen to manipulate the appraisal process, which resulted in an illegitimate award. These allegations sufficiently plead the who, what, where, why, when, and how of Factory Mutual's fraud to satisfy the requirements of Rule 9(b).

Factory Mutual argues that TAMKO's fraud claim should be dismissed because it has not sufficiently pled that it was ignorant of the fraud and because TAMKO should have objected to Hagen's participation earlier. Factory Mutual claims that TAMKO's complaint demonstrates that TAMKO was aware that Factory Mutual was lying about Hagen's lack of bias. Under Missouri law, one of the elements of fraud is that the party alleging fraud must not know that the allegedly fraudulent statement was false.[1] *Renaissance Leasing, LLC v. Vermeer*

---

[1] The "elements of fraudulent misrepresentation are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the

*Mfg. Co.*, 322 S.W.3d 112, 131-32 (Mo. 2010).

Despite Factory Mutual's arguments, TAMKO's amended complaint adequately alleges that it was ignorant of Hagen's bias. Although TAMKO admits it had suspicions about Hagen, it claims that it was not certain of Hagen's bias because of Factory Mutual's lies and its refusal to provide information about Hagen's qualifications. The amended complaint does not state that TAMKO had actual knowledge of Hagen's bias and it does not imply that TAMKO knew that Hagen was biased until after the appraisal award, when Factory Mutual's fraud was complete. As a result, TAMKO's allegations sufficiently indicate that it did not know that Factory Mutual had misrepresented Hagen as disinterested until after the appraisal.

Factory Mutual's arguments about waiver and estoppel must be rejected for the same reason. "To rise to the level of waiver, the conduct must be so manifestly consistent with and indicative of an intention to renounce a particular right or benefit that no other reasonable explanation of the conduct is possible." *Austin v. Pickett*, 87 S.W.3d 343, 348 (Mo. Ct. App. 2002). To successfully assert the defense of equitable estoppel, the party asserting the defense must show that "the

---

representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury." *Renaissance Leasing*, 322 S.W.3d at 131-32.

representation made by the party estopped must be inconsistent with the claim afterwards asserted and sued upon, and [the party asserting the defense] must have relied upon the representation and been injured thereby." *Comens v. SSM St. Charles Clinic Medical Group, Inc.*, 258 S.W.3d 491, 496-97 (Mo. Ct. App. 2008).

The complaint does not describe any actions or statements by TAMKO indicating that TAMKO consented to Factory Mutual's fraud. As discussed above, TAMKO was not aware that Hagen was biased until after the appraisal, so it could not have somehow consented to an appraisal with a biased appraiser.

Factory Mutual argues for dismissal of TAMKO's suppression claim by characterizing it as a discovery dispute and claiming that the issue is moot because it has recently provided TAMKO with all of the information that TAMKO had previously requested. First, TAMKO's claim for suppression, or fraudulent concealment,[2] is not a discovery dispute. In the complaint, TAMKO does not seek to compel Factory Mutual to produce any particular documents, but instead seeks damages for Factory Mutual's refusal to provide certain information before the appraisal. Second, Factory Mutual has also not shown that TAMKO's suppression claim should be dismissed because of Factory Mutual's recent disclosures.

---

[2]The elements of fraudulent concealment are essentially the same as for fraud, except that "[c]oncealment of a material fact can serve as a substitute for the elements of a false representation if there exists a duty to disclose." *White v. Bowman*, 304 S.W.3d 141, 149 (Mo. Ct. App. 2009).

-8-

TAMKO seeks damages for Factory Mutual's fraudulent concealment during the appraisal. Factory Mutual has provided no authority supporting its argument that it can avoid liability for its fraud by providing the information after the damage has been done.

**Motion to Strike**

Factory Mutual seeks to strike TAMKO's request to submit the issue of damages to a jury. Factory Mutual argues that even if the appraisal award is vacated, the proper remedy is simply another appraisal, and so TAMKO may not request that the issue be tried to a jury. Factory Mutual has not cited to any provisions of the insurance contract or to any controlling legal authority for this proposition. Under Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "However, [m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." *Stanbury Law Firm v. I.R..S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotations omitted); *see also BJC Health System v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) ("Striking a party's pleading, however, is an extreme and disfavored measure."); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2010) ("Both because striking a portion of a pleading is a drastic remedy and

because it often is sought by the movant simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted."). Under these standards, I must deny the motion to strike. It is premature for me to rule that the matter cannot be submitted to a jury.

**Motions to Compel and for Protective Order**

TAMKO's motion to compel and Factory Mutual's motion for a protective order relate to the same information: discovery requests regarding bias or interest involved in the appraisal process. Discovery into appraisal bias is relevant because Missouri law and the contract involved in this case both require a fair and disinterested process. The validity of the appraisal process is also directly related to TAMKO's claims for breach of contract, vexatious refusal to pay, fraud, and suppression.

For the same reasons that I declined to accept Factory Mutual's arguments regarding waiver and estoppel related to the fraud claim, I find that TAMKO did not waive its right to object to Hagen's selection or the appraisal process generally. Furthermore, despite Factory Mutual's contentions, these discovery requests are not overly burdensome, considering their relevance to the claims and the type of information requested.

Therefore, I will grant TAMKO's motion to compel[3], except for the request for sanctions of fees and costs associated with these motions, and I will deny Factory Mutual's motion for a protective order.

**Motion to Enforce the Appraisal Award**

Factory Mutual's motion to enforce the appraisal award or order a new appraisal is premature. TAMKO is entitled to discovery on the issue of appraisal bias. Once the discovery is completed, is completed, the parties may further litigate the validity of the appraisal process.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss and to strike [#55] is DENIED.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel [#69] is GRANTED, except for the award of fees and costs, and defendant must produce the requested discovery no later than **November 1, 2011.**.

**IT IS FURTHER ORDERED** that defendant's motion for a protective order [#71] is DENIED.

---

[3]Factory Mutual's responsive brief said that it had produced documents responsive to Document Requests 9 and 21. But, like TAMKO, I cannot tell if that means it has done so merely by producing Hagen's file, and has not produced all responsive documents from its own files. If it has produced all responsive documents to these requests, it may state so unambiguously instead of producing the documents again.

**IT IS FURTHER ORDERED** that defendant's motion to enforce the appraisal award or undertake a new appraisal process [#73] is DENIED as premature.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of October, 2011.