IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **TAMKO BUILDING PRODUCTS, INC.,** | ) ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.: 4:10-CV-00891-DJS** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **FACTORY MUTUAL INSURANCE COMPANY,** | ) ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER TO SECOND AMENDED COMPLAINT

Defendant, Factory Mutual Insurance Company (*hereinafter*, "Factory Mutual"), through undersigned counsel, hereby Answers the Plaintiff, TAMKO Building Product, Inc.'s (*hereinafter*, "TAMKO"), Second Amended Complaint filed against it and states:

Factory Mutual hereby incorporates by reference its original Answer, including affirmative defenses, and Counterclaim for Declaratory Judgment and its Answer, including affirmative defenses, to First Amended Complaint and Counterclaim for Declaratory Judgment previously filed with this Court.

1.      Admitted to the extent that TAMKO is a Missouri corporation.  However, Factory Mutual is without sufficient information to either admit or deny the remaining averments in Paragraph 1 of the Amended Complaint, and therefore denies them.

2.      Factory Mutual admits the averments in Paragraph 2 of the Second Amended Complaint.

3.      Paragraph 3 of the Second Amended Complaint constitutes a conclusion of law to which no responsive pleading is required under the applicable Rules of Civil

Procedure. To the extent this Honorable Court deems an answer necessary, said averments are denied and Factory Mutual demands strict proof thereof.

4.      Paragraph 4 of the Second Amended Complaint constitutes a conclusion of law to which no responsive pleading is required under the applicable Rules of Civil Procedure. To the extent this Honorable Court deems an answer necessary, said averments are denied and Factory Mutual demands strict proof thereof.

5.      Factory Mutual denies the averments in Paragraph 5 of the Second Amended Complaint.

6.      Admitted to the extent that TAMKO has sought coverage from Factory Mutual for over $12 million in alleged business interruption losses.  However, Factory Mutual is without sufficient information to either admit or deny the remaining averments in Paragraph 6 of the Second Amended Complaint, and therefore denies them.

7.      Factory Mutual is without sufficient information to either admit or deny the averments in Paragraph 7 of the Second Amended Complaint, and therefore denies them.

8.      Factory Mutual denies the averments in Paragraph 8 of the Second Amended Complaint.

9.      Factory Mutual denies the averments in Paragraph 9 of the Second Amended Complaint.

10.     Factory Mutual is without sufficient information to either admit or deny the averments in Paragraph 10 of the Second Amended Complaint, and therefore denies them.

11.     Factory Mutual is without sufficient information to either admit or deny the averments in Paragraph 11 of the Second Amended Complaint, and therefore denies them.

12.     Factory Mutual is without sufficient information to either admit or deny the averments in Paragraph 12 of the Second Amended Complaint, and therefore denies them.

13.     Factory Mutual is without sufficient information to either admit or deny the averments in Paragraph 13 of the Second Amended Complaint, and therefore denies them.

14.     Admitted in part, denied in part.  Admitted that Bitumar was Tamko's sole supplier of coating grade asphalt at it Frederick, Maryland facility at the time of the loss. Factory Mutual is without sufficient information to either admit or deny the remaining averments of Paragraph 14 of the Second Amended Complaint, and therefore deny them.

15.     Factory Mutual is without sufficient information to either admit or deny the averments in Paragraph 15 of the Second Amended Complaint, and therefore denies them.

16.     Factory Mutual admits the averments in Paragraph 16 of the Second Amended Complaint to the extent that Irving Oil operates an oil refinery in Saint John, New Brunswick, Canada, but is without sufficient information to either admit deny the remaining averments in Paragraph 16 of the Amended Complaint, and therefore denies them.

17.     Factory Mutual is without sufficient information to either admit or deny the averments in Paragraph 17 of the Second Amended Complaint, and therefore denies them.

18.     Factory Mutual admits the averments in Paragraph 18 of the Second Amended Complaint.

19.     Factory Mutual admits the averments in Paragraph 19 of the Scond Amended Complaint to the extent that the monobuoy and pipeline system experienced leaks in August 2008, but is without sufficient information to either admit or deny the remaining averments in Paragraph 19 of the Second Amended Complaint, and therefore denies them.

20.     Factory Mutual is without sufficient information to either admit or deny the averments in Paragraph 20 of the Second Amended Complaint, and therefore denies them.

21.     Factory Mutual is without sufficient information to either admit or deny the averments in Paragraph 21 of the Second Amended Complaint, and therefore denies them.

22.     Factory Mutual admits the averments in Paragraph 22 of the Second Amended Complaint.

23.     Factory Mutual is without sufficient information to either admit or deny the averments in Paragraph 23 of the Second Amended Complaint, and therefore denies them.

24.     Factory Mutual is without sufficient information to either admit or deny the averments in Paragraph 24 of the Second Amended Complaint, and therefore denies them.

25.     Factory Mutual is without sufficient information to either admit or deny the averments in Paragraph 25 of the Second Amended Complaint, and therefore denies them.

26.     Factory Mutual is without sufficient information to either admit or deny the averments in Paragraph 26 of the Second Amended Complaint, and therefore denies them.

27.     Factory Mutual denies the averments in Paragraph 27 of the Second Amended Complaint.

28.     Factory Mutual is without sufficient information to either admit or deny the averments in Paragraph 28 of the Second Amended Complaint, and therefore denies them.

29.     Factory Mutual is without sufficient information to either admit or deny the averments in Paragraph 29 of the Second Amended Complaint, and therefore denies them.

30.     Factory Mutual is without sufficient information to either admit or deny the averments in Paragraph 30 of the Second Amended Complaint, and therefore denies them.

31.     Factory Mutual is without sufficient information to either admit or deny the averments in Paragraph 31 of the Second Amended Complaint, and therefore denies them.

32.     Factory Mutual admits the averments in Paragraph 32 of the Second Amended Complaint.

33.     Factory Mutual denies the averments in Paragraph 33 of the Second Amended Complaint.  TAMKO paid a premium of $1,619,055.00 for the 2008 Policy.

34.     Factory Mutual states that the Policy speaks for itself and Factory Mutual denies any characterizations, representations, or inferences concerning the Policy contained in paragraph 34 of the Second Amended Complaint that are not consistent with the terms of the Policy.

35.     Factory Mutual states that the Policy speaks for itself and Factory Mutual denies any characterizations, representations, or inferences concerning the Policy contained in paragraph 35 of the Second Amended Complaint that are not consistent with the terms of the Policy.

36.     Factory Mutual states that the Policy speaks for itself and Factory Mutual denies any characterizations, representations, or inferences concerning the Policy contained in paragraph 36 of the Second Amended Complaint that are not consistent with the terms of the Policy.

37.     Factory Mutual denies the averments in Paragraph 37 of the Second Amended Complaint.

38.     Factory Mutual denies the averments in Paragraph 38 of the Second Amended Complaint.

39.     Factory Mutual denies the averments in Paragraph 39 of the Second Amended Complaint.

40.    Factory Mutual denies the averments in Paragraph 40 of the Second Amended Complaint to the extent that it avers that Factory Mutual has formally denied coverage for TAMKO's claim.   Factory Mutual has, throughout the investigation of TAMKO's claim, reserved all of its rights and defenses under the Policy to deny coverage based upon coverage issues that exist with regard to TAMKO's claim.

41.    Factory Mutual denies the averments in Paragraph 41 of the Second Amended Complaint.

42.    Factory Mutual denies the averments in Paragraph 42 of the Second Amended Complaint.

43.    Factory Mutual states that the Policy speaks for itself and Factory Mutual denies any characterizations, representations, or inferences concerning the Policy contained in paragraph 43 of the Second Amended Complaint that are not consistent with the terms of the Policy.

44.    Factory Mutual denies the averments in Paragraph 44 to the extent that TAMKO alleges that the monobuoy and pipeline unloading system satisfies this definition. Factory Mutual is without sufficient information to either admit or deny the remaining averments in Paragraph 44 of the Second Amended Complaint, and therefore denies them.

45.    Factory Mutual denies the averments in Paragraph 45 of the Second Amended Complaint.

46.    Factory Mutual denies the averments in Paragraph 46 of the Second Amended Complaint.

47.     Factory Mutual admits the averments in Paragraph 47 to the extent that TAMKO has provided information to Factory Mutual.  Factory Mutual denies the remaining averments in Paragraph 47 of the Second Amended Complaint.

48.     Factory Mutual denies the averments in Paragraph 48 of the Second Amended Complaint.

49.     Factory Mutual admits the averments in Paragraph 49 of the Second Amended Complaint.

50.     Factory Mutual admits the averments in Paragraph 50 of the Second Amended Complaint.

51.     Factory Mutual admits the averments in Paragraph 51 of the Second Amended Complaint to the extent that TAMKO submitted a Proof of Loss on November 7, 2008.  Factory Mutual denies the remaining averments in Paragraph 51 of the Second Amended Complaint.

52.     Factory Mutual admits the averments in Paragraph 52 of the Second Amended Complaint.

53.     Factory Mutual admits the averments in Paragraph 53 of the Second Amended Complaint to the extent that TAMKO supplemented its Proof of Loss on May 15, 2009 and demanded Factory Mutual's coverage position within thirty days.  Factory Mutual denies the remaining averments in Paragraph 53 of the Second Amended Complaint.

54.     Factory Mutual denies as stated the averments in Paragraph 54 of the Second Amended Complaint.

55.     Factory Mutual admits the averments in Paragraph 55 of the Second Amended Complaint to the extent that TAMKO met with Factory Mutual on June 22, 2009.

Factory Mutual denies the remaining averments in Paragraph 55 of the Second Amended Complaint.

56.     Factory Mutual denies as stated the averments in Paragraph 56 of the Second Amended Complaint and denies any characterizations, representations, or inferences concerning the June 29, 2009 letter contained in paragraph 56 of the Second Amended Complaint that are not consistent with the terms of the letter.

57.     Factory Mutual admits the averments in Paragraph 57 of the Second Amended Complaint to the extent it attempted to continue to measure the loss and it submitted additional information requests to TAMKO on June 29, 2009.  Factory Mutual denies the remaining averments in Paragraph 57 of the Second Amended Complaint.

58.     Factory Mutual admits the averments in Paragraph 58 of the Second Amended Complaint.

59.     Factory Mutual admits the averments in Paragraph 59 of the Second Amended Complaint to the extent that TAMKO provided documentation to Factory Mutual in support of its claim.  Factory Mutual denies the remaining averments in Paragraph 59 of the Second Amended Complaint.

60.     Factory Mutual admits the averments in Paragraph 60 of the Second Amended Complaint to the extent tolling agreements were executed on July 31, 2009, February 8, 2010 and March 29, 2010.  Factory Mutual is without sufficient information to either admit or deny the remaining averments in Paragraph 60 of the Second Amended Complaint, and therefore denies them.

61.     Factory Mutual denies the averments in Paragraph 61 of the Second Amended Complaint.

62.    Factory Mutual admits the averments in Paragraph 62 to the extent that TAMKO originally filed its lawsuit against Factory Mutual on May 14, 2010 and Factory Mutual invoked the appraisal provision in the Policy.  Factory Mutual states that the Policy speaks for itself and Factory Mutual denies any characterizations, representations, or inferences concerning the Policy contained in Paragraph 62 of the Second Amended Complaint that are not consistent with the terms of the Policy.  Factory Mutual denies the remaining averments in Paragraph 62 of the Second Amended Complaint.

63.    Factory Mutual admits the averments in Paragraph 63 of the Second Amended Complaint.

64.    Factory Mutual admits the averments in Paragraph 64 of the Second Amended Complaint to the extent that Factory Mutual held Peter Hagen out as a disinterested appraiser and represented to TAMKO that he was disinterested.  Factory Mutual denies as stated the remaining averments in Paragraph 64 of the Second Amended Complaint.

65.    Factory Mutual denies the averments in Paragraph 65 of the Second Amended Complaint.

66.    Admitted.

67.    Admitted in part, denied in part.  Factory Mutual cannot admit to the unspecified amount of the payments alleged in this paragraph.

68.    Factory Mutual denies the averments in Paragraph 68.

69.    Factory Mutual denies the averments in Paragraph 69.

70.    Factory Mutual denies the averments in Paragraph 70.

71.    Factory Mutual denies the averments in Paragraph 71.

72.     Factory Mutual denies the averments in Paragraph 72.

73.     Admitted in part, denied in part.  Factory Mutual agrees that the appraisers agreed upon and selected Steven Rosenthal as the umpire.  To the extent that Tamko implies or infers any other meaning by the use of the term "designated," Factory Mutual denies that Mr. Rosenthal was "designated."

74.     Factory Mutual states that the Policy speaks for itself and Factory Mutual denies any characterizations, representations, or inferences concerning the Policy contained this paragraph.  Factory Mutual denies as stated the remaining averments in this paragraph.

75.     Admitted in part, denied in part.  Factory Mutual agrees with the factual allegations concerning Mr. Rosenthal, but denies that they are examples that he was not disinterested.  Factory Mutual also lacks knowledge of the date of RGL Forsenic's formation, and so denies this allegation.

76.     Admitted in part, denied in part.  Factory Mutual cannot admit to the unspecified amount of the payments alleged in this paragraph.

77.     Admitted in part, denied in part.  Factory Mutual agrees that it had an ongoing business relationship with RGL Forensics, but denies that it was "substantial." Factory Mutual denies all other averments in this paragraph.

78.     Factory Mutual denies the averments in Paragraph 78.

79.     Factory Mutual denies the averments in Paragraph 79.

80.     Factory Mutual denies the averments in Paragraph 80.

81.     Admitted in part, denied in part.  Factory Mutual admits that some of its employees had this knowledge, but denies that all employees involved in handling Tamko's claim were aware.

82.     Factory Mutual denies the averments in Paragraph 82.

83.     Factory Mutual denies the averments in Paragraph 83.

84.     Factory Mutual denies the averments in Paragraph 84.

85.     Factory Mutual denies the averments in Paragraph 85.

86.     Factory Mutual denies the averments in Paragraph 86.

87.     Factory Mutual denies the averments in Paragraph 87.

88.     Factory Mutual denies the averments in Paragraph 88.

89.     Admitted in part, denied in part.   Factory Mutual admits that Ken Sorenson did not sign the appraisal award, but denies all other averments.

90.     Factory Mutual denies the averments in Paragraph 90.

91.     Factory Mutual denies the averments in Paragraph 91.

92.     Factory Mutual denies the averments in Paragraph 92.

93.     Factory Mutual denies the averments in Paragraph 93.

94.     Factory Mutual denies the averments in Paragraph 94.

## Count One: Declaratory Judgment

95.     Paragraph 95 is an incorporation paragraph.  For its answer to Paragraph 95 of the Second Amended Complaint, Factory Mutual restates and incorporates herein its answers to all paragraphs Second Amended Complaint.

96.     Factory Mutual states that the Policy speaks for itself and Factory Mutual denies any characterizations, representations, or inferences concerning the Policy

contained in this paragraph of the Second Amended Complaint that are not consistent with the terms of the Policy.

      97.    Factory Mutual denies the averments in Paragraph 97.

      98.    Factory Mutual denies the averments in Paragraph 98.

      99.    Factory Mutual denies the averments in Paragraph 99.

      100.    Factory Mutual denies the averments in Paragraph 100.

      101.    Factory Mutual denies the averments in Paragraph 101.

**Factory Mutual hereby incorporates all previous paragraphs as if set forth fully herein.**

### DEFENDANTS FIRST AFFIRMATIVE DEFENSE TO COUNT ONE:

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted, and therefore must be denied.

### DEFENDANT'S SECOND AFFIRMATIVE DEFENSE TO COUNT ONE:

Plaintiff is not entitled to coverage under the Policy as the alleged business interruption loss does not fall within the scope of coverage provided by the Policy, all as set forth in Factory Mutual's Counterclaim filed herein, which such allegations of the Counterclaim are incorporated in this affirmative defense.

### DEFENDANT'S THIRD AFFIRMATIVE DEFENSE TO COUNT ONE:

Plaintiff is not entitled to coverage under the Policy as the alleged business interruption loss is excluded by the Policy, all as set forth in Factory Mutual's Counterclaim filed herein, which such allegations of the Counterclaim are incorporated in this affirmative defense.

### DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE TO COUNT ONE:

Plaintiff has failed to satisfy all conditions precedent to coverage under the Policy, all as set forth in Factory Mutual's Counterclaim filed herein, which such allegations of the Counterclaim are incorporated in this affirmative defense.

### DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE TO COUNT ONE:

Plaintiff's claims are barred to the extent they exceed policy limits, all as set forth in Factory Mutual's Counterclaim filed herein, which such allegations of the Counterclaim are incorporated in this affirmative defense.

### DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE TO COUNT ONE:

Plaintiff is not entitled to coverage under the Policy as Plaintiff failed to mitigate its alleged business interruption loss pursuant to the terms of the Policy, all as set forth in Factory Mutual's Counterclaim filed herein, which such allegations of the Counterclaim are incorporated in this affirmative defense.

### DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE TO COUNT ONE:

The relief sought by Plaintiff regarding submitting damages to a jury is inappropriate and inconsistent with the terms of the contract under which Plaintiff seeks coverage and the appraisal procedures described therein, which provide that a determination of loss by the neutral umpire is binding on the parties, and the relief available under the contract for an improper appraisal is to begin the appraisal process anew.

WHEREFORE, having fully answered, Defendant, Factory Mutual Insurance Company, prays that Count One of the Plaintiff's Second Amended Complaint be dismissed with prejudice, and that Defendant, Factory Mutual Insurance Company, be

awarded costs of this action, and such other further and different relief as the justice of the cause may require.

### Count Two: Breach of Contract

102.    Paragraph 102 is an incorporation paragraph.  For its answer to Paragraph 102 of the Second Amended Complaint, Factory Mutual restates and incorporates herein its answers to all paragraphs Second Amended Complaint.

103.    Factory Mutual states that the Policy speaks for itself and Factory Mutual denies any characterizations, representations, or inferences concerning the Policy contained in this paragraph of the Second Amended Complaint that are not consistent with the terms of the Policy.

104.    Factory Mutual denies the averments in Paragraph 104.

105.    Factory Mutual denies the averments in Paragraph 105.

106.    Factory Mutual denies the averments in Paragraph 106.

107.    Factory Mutual denies the averments in Paragraph 107.

**Factory Mutual hereby incorporates all previous paragraphs as if set forth fully herein.**

### DEFENDANT'S FIRST AFFIRMATIVE DEFENSE TO COUNT TWO:

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted, and therefore must be denied.

### DEFENDANT'S SECOND AFFIRMATIVE DEFENSE TO COUNT TWO:

Plaintiff is not entitled to coverage under the Policy as the alleged business interruption loss does not fall within the scope of coverage provided by the Policy, all as set forth in Factory Mutual's Counterclaim filed herein, which such allegations of the Counterclaim are incorporated in this affirmative defense.

### DEFENDANT'S THIRD AFFIRMATIVE DEFENSE TO COUNT TWO:

Plaintiff is not entitled to coverage under the Policy as the alleged business interruption loss is excluded by the Policy, all as set forth in Factory Mutual's Counterclaim filed herein, which such allegations of the Counterclaim are incorporated in this affirmative defense.

### DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE TO COUNT TWO:

Plaintiff has failed to satisfy all conditions precedent to coverage under the Policy, all as set forth in Factory Mutual's Counterclaim filed herein, which such allegations of the Counterclaim are incorporated in this affirmative defense.

### DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE TO COUNT TWO:

Plaintiff's claims are barred to the extent they exceed policy limits, all as set forth in Factory Mutual's Counterclaim filed herein, which such allegations of the Counterclaim are incorporated in this affirmative defense.

**DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE TO COUNT TWO:**

Plaintiff is not entitled to coverage under the Policy as Plaintiff failed to mitigate its alleged business interruption loss pursuant to the terms of the Policy, all as set forth in Factory Mutual's Counterclaim filed herein, which such allegations of the Counterclaim are incorporated in this affirmative defense.

**DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE TO COUNT TWO:**

The relief sought by Plaintiff regarding submitting damages to a jury is inappropriate and inconsistent with the terms of the contract under which Plaintiff seeks coverage and the appraisal procedures described therein, which provide that a determination of loss by the neutral umpire is binding on the parties, and the relief available under the contract for an improper appraisal is to begin the appraisal process anew.

WHEREFORE, having fully answered, Defendant, Factory Mutual Insurance Company, prays that Count Two of the Plaintiff's Second Amended Complaint be dismissed with prejudice, and that Defendant, Factory Mutual Insurance Company, be awarded costs of this action, and such other further and different relief as the justice of the cause may require.

**Count Three:  Vexatious Refusal To Pay**

108.    Paragraph 108 is an incorporation paragraph.  For its answer to Paragraph 108 of the Second Amended Complaint, Factory Mutual restates and incorporates herein its answers to all paragraphs Second Amended Complaint.

109.    Factory Mutual denies the averments in Paragraph 109.

110.    Factory Mutual denies the averments in Paragraph 110.

111.    Factory Mutual denies the averments in Paragraph 111.

**Factory Mutual hereby incorporates all previous paragraphs as if set forth fully herein.**

### DEFENDANT'S FIRST AFFIRMATIVE DEFENSE TO COUNT THREE:

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted, and therefore must be denied.

### DEFENDANT'S SECOND AFFIRMATIVE DEFENSE TO COUNT THREE:

Plaintiff is not entitled to coverage under the Policy as the alleged business interruption loss does not fall within the scope of coverage provided by the Policy, all as set forth in Factory Mutual's Counterclaim filed herein, which such allegations of the Counterclaim are incorporated in this affirmative defense.

### DEFENDANT'S THIRD AFFIRMATIVE DEFENSE TO COUNT THREE:

Plaintiff is not entitled to coverage under the Policy as the alleged business interruption loss is excluded by the Policy, all as set forth in Factory Mutual's Counterclaim filed herein, which such allegations of the Counterclaim are incorporated in this affirmative defense.

**DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE TO COUNT THREE:**

Plaintiff has failed to satisfy all conditions precedent to coverage under the Policy, all as set forth in Factory Mutual's Counterclaim filed herein, which such allegations of the Counterclaim are incorporated in this affirmative defense.

**DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE TO COUNT THREE:**

Plaintiff's claims are barred to the extent they exceed policy limits, all as set forth in Factory Mutual's Counterclaim filed herein, which such allegations of the Counterclaim are incorporated in this affirmative defense.

**DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE TO COUNT THREE:**

Plaintiff is not entitled to coverage under the Policy as Plaintiff failed to mitigate its alleged business interruption loss pursuant to the terms of the Policy, all as set forth in Factory Mutual's Counterclaim filed herein, which such allegations of the Counterclaim are incorporated in this affirmative defense.

**DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE TO COUNT THREE:**

The relief sought by Plaintiff regarding submitting damages to a jury is inappropriate and inconsistent with the terms of the contract under which Plaintiff seeks coverage and the appraisal procedures described therein, which provide that a determination of loss by the neutral umpire is binding on the parties, and the relief available under the contract for an improper appraisal is to begin the appraisal process anew.

WHEREFORE, having fully answered, Defendant, Factory Mutual Insurance Company, prays that Count Three of the Plaintiff's Second Amended Complaint be

dismissed with prejudice, and that Defendant, Factory Mutual Insurance Company, be awarded costs of this action, and such other further and different relief as the justice of the cause may require.

### Count Four: Fraud and Suppression

112.    Paragraph 112 is an incorporation paragraph.  For its answer to Paragraph 112 of the Second Amended Complaint, Factory Mutual restates and incorporates herein its answers to all paragraphs Second Amended Complaint.

113.    Factory Mutual admits the averments in Paragraph 113.

114.    Factory Mutual denies the averments in Paragraph 114.

115.    Factory Mutual denies the averments in Paragraph 115.

116.    Factory Mutual denies the averments in Paragraph 116.

117.    Factory Mutual denies the averments in Paragraph 117.

118.    Factory Mutual denies the averments in Paragraph 118.

119.    Factory Mutual denies the averments in Paragraph 119.

120.    Factory Mutual denies the averments in Paragraph 120.

121.    Factory Mutual denies the averments in Paragraph 121.

122.    Factory Mutual denies the averments in Paragraph 122.

123.    Factory Mutual denies the averments in Paragraph 123.

124.    Factory Mutual denies the averments in Paragraph 124.

125.    Factory Mutual denies the averments in Paragraph 125.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

Factory Mutual hereby incorporates by reference its Counterclaim for Declaratory Judgment previously filed with this Court in Factory Mutual's original Answer and Counterclaim for Declaratory Judgment.

Respectfully submitted,


___/s/  H. Kent Munson_____
Jeffrey A. Wothers, *pro hac vice*
NILES, BARTON & WILMER LLP
111 South Calvert Street, Suite 1400
Baltimore, Maryland 21202
(410) 783-6365
(410) 783-6363 (facsimile)
jawothers@nilesbarton.com

H. Kent Munson, Esq. (25009MO)
THE STOLAR PARTNERSHIP
911 Washington Avenue, 7th Floor
St. Louis, Missouri 63101
(314) 231-2800
(314) 436-8400 (facsimile)
hkm@stolarlaw.com

*Attorneys for Defendant Factory Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of May, 2012, I served the foregoing Answer to TAMKO Building Products, Inc.'s Second Amended Complaint and Counterclaim for Declaratory Judgment upon the following via email and U.S. Mail:

Gerard T. Carmody, Esquire
David H. Luce, Esquire
CARMODY MacDONALD P.C.
120 S. Central Avenue, Suite 1800
St. Louis, MO 63105
Telephone: (314) 854-8600
Facsimile: (314) 854-8660
gtc@carmodymacdonald.com
dhl@carmodymacdonald.com

Spencer M. Taylor, Esquire
M. Todd Lowther, Esquire
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-0306
Facsimile: (205) 226-8798
staylor@balch.com
tlowther@balch.com

*Attorneys for Plaintiff TAMKO Building Products, Inc.*

    /s/  H. Kent Munson
Jeffrey A. Wothers, *pro hac vice*
NILES, BARTON & WILMER LLP
111 South Calvert Street, Suite 1400
Baltimore, Maryland 21202
(410) 783-6365
(410) 783-6363 (facsimile)
jawothers@nilesbarton.com

H. Kent Munson, Esq. (25009MO)
THE STOLAR PARTNERSHIP
911 Washington Avenue, 7th Floor
St. Louis, Missouri 63101
(314) 231-2800
(314) 436-8400 (facsimile)
hkm@stolarlaw.com

*Attorneys for Defendant Factory Mutual*
*Insurance Company*