UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMKO BUILDING PRODUCTS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  No. 4:10CV891 CDP |
| FACTORY MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This case is set for trial on the two-week docket beginning September 24, 2012. I have not yet set the case for a final pretrial conference because I am waiting to see how long another trial will last. I do expect to reach this case for trial sometime during the two-week period, but I cannot yet say exactly when. I will set a final pretrial conference once I have more information about the date the trial will begin. The parties have filed the first parts of their pretrial submissions, but they do not agree about what issues will go to trial, so I am issuing this order to clarify matters.

TAMKO may not present any evidence (or any so-called "proffer") on Counts III and IV (vexatious refusal to pay and "suppression"), because I granted summary judgment to defendant on those counts. They are over.

TAMKO may not present any evidence relating to the "background" of the insurance claim or the "background" of the appraisal. I have granted summary

judgment to TAMKO on liability on Counts I and II.  I specifically ruled that the loss claimed was covered under the insurance policy, and I set aside the appraisal.  The "background" information proposed to be introduced would be relevant only to liability, or to a claim for vexatious refusal to pay, and those things are no longer in issue.

TAMKO may present only damages evidence on the remaining counts.  In the summary judgment order, I stated that the only issue remaining for trial was the amount TAMKO is owed on the insurance policy.  In that order I set aside the appraisal, but did not analyze whether TAMKO could also recover damages for the breach of the appraisal clause.  I was previously under the impression that the only remedy for this wrong was the one that has already been granted:  setting aside the appraisal and allowing TAMKO to seek a jury determination of the amount it was owed under the insurance policy.  But TAMKO pleaded a claim for damages from breach of the appraisal clause, and whether that remedy is available is an open issue that has not been briefed by the parties or decided by me.  I will consider this legal issue further at trial.

Finally, TAMKO may not present evidence attempting to show an additional breach of contract claim (that the umpire was not impartial), because I have already determined that the appraisal was invalid because the defendant's selected appraiser was not impartial.  I indicated in the summary judgment order that I did not need to

consider the additional issue of the impartiality of the umpire, and I continue to believe that issue is moot.  If TAMKO is entitled to any damages related to the appraisal, those damages are the same whether or not the umpire was impartial.

Thus, the only issues remaining for trial are damages issues: the amount owed under the insurance policy and the amount, if any, owed for the breach of the appraisal clause of the policy.  Neither party will be allowed to present non-damages evidence.

Accordingly,

**IT IS HEREBY ORDERED** that neither party may present any evidence except as set forth above.

**IT IS FURTHER ORDERED** that defendant's motion for pretrial conference [#179] is denied as moot, and I will set a final pretrial conference once I know when this case will be reached for trial.  The parties must be ready to be reached at any time during the two-week period beginning September 24, but I will provide them with more information between now and then.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of September, 2012.